IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) Case No. 5:16-CV-5070 |
| | ) |
| v. | ) |
| | ) |
| LESTER R. RAMER, *et al.*, | ) |
| | ) |
| Defendants | ) |
| | ) |

## ORDER OF SALE

On June 30, 2016 and December 27, 2016, this Court granted the United States' motions for default and final judgment and entered final judgments in favor of the United States and against Defendants Deer Creek Financial Services, LLC (also known as Deer Creek Financial Services (hereinafter "Deer Creek")), Sycamore Leasing, Echo Acres, Lester Ramer, Mary Ramer, Concrete Concepts, and HIS Management. (*See* Dkt Nos. 52 and 72.) The Court entered final judgments and declared that the United States' federal tax liens associated with the unpaid federal income tax liabilities of Lester Ramer and Mary Ramer are enforced against two parcels of real property held by the Ramers' alter ego, Deer Creek. The Court directed that the properties shall be sold by judicial sale. The two properties are described as follows:

    a.    Property 1 is located at 11717 Stage Coach Road, Gravette, Arkansas 72736, within this judicial district, and legally described as follows:

> Part of the SE ¼ of the NW ¼ and part of the SW ¼ of the NE ¼ and part of the NE ¼ of the SW ¼ and part of the NW ¼ of the SE ¼ of Section 19, Township 20 North, Range 32 West, described as beginning South 0 degrees 52 minutes West 300.4 feet from the NW corner of the said SE ¼ of NW ¼, thence South to the SW corner of the said SE ¼ of NW ¼,

1

thence along the South line of the said SE ¼ of NW ¼ to a point 119.46 feet West of the SE corner of the said SE ¼ of NW ¼, thence in a Southerly direction parallel with the East line of the said NE ¼ of SW ¼ 1139.16 feet, thence North 83 degrees East 121.44 feet to the East line of the said NE ¼ of SW ¼, thence North 83 degrees East 527.34 feet, thence North 14 degrees East 130.68 feet, thence North 26 degrees West 495 feet, thence North 9 degrees East 438.9 feet, thence Northwesterly to the SW corner of the said SW ¼ of NE ¼, thence Easterly 765.3 feet, more or less, along the South line of the said SW ¼ of NE ¼, to an existing county road, thence with the said county road North 328.25 feet, thence North 8 degrees East 441.25 feet, thence North 16 degrees 15 minutes East 243.65 feet, thence North 88 degrees 30 minutes West 2199.04 feet to the point of beginning. Subject to all public and private roads and easements;

("Property 1")

b. Property 2 is located at 12354 Stage Coach Road, Gravette, Arkansas, within this judicial district, and legally described as follows:

Part of the N ½ of the NE ¼ of the SE ¼ of Section 18, Township 20 North, Range 32 West, Benton County, Arkansas, more particularly described as follows: Beginning at an iron pin South 89 degrees 42 minutes 05" West 976.13 feet from the SE corner of said N ½, NE ¼ , SE ¼, Section 18; thence South 89 degrees 42 minutes 05" West 346.81 feet to an iron pin in the right-of-way of County Road #525 (Stagecoach Road); thence North 00 degrees 11 minutes 19" West 227.07 feet along and in said right-of-way to an iron pin; thence North 89 degrees 42 minutes 05" East 200.00 feet; thence North 00 degrees 11 minutes 19" West 25.00 feet to an iron pin; thence North 89 degrees 42 minutes 05" East 148.80 feet to an iron pin; thence South 00 degrees 15 minutes 47" West 252.08 feet to the point of beginning. Subject to the right-of-way of said road.

("Property 2"). (*See* Judgment, Dkt No. 72.)

Accordingly, this Court **ORDERS** as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell both Property 1 and Property 2.

14884848.1

2. The terms and conditions of the sales of both Property 1 and Property 2 are set forth below.

a. Each sale shall be made by public auction to the highest bidder, free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including the plaintiff United States and the defendants Lester Ramer, Mary Ramer, Deer Creek, Sycamore Leasing, Echo Acres, Concrete Concepts, HIS Management, the Benton County Tax Collector, the Arkansas Commissioner of State Lands, the State of Arkansas Department of Finance & Administration ("State of Arkansas"), and any successors in interest or transferees of those parties.

b. Each sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting Properties 1 and 2, and easements, restrictions, and reservations of record, if any.

c. Each sale shall be held either at the courthouse of the county or city in which the properties are located or on the premises of the property being sold.

d. The PALS shall announce the date and time for each sale. The IRS, PALS, and their representatives shall be permitted to enter the properties with prospective buyers in order to allow prospective buyers to inspect the interior and exterior of the properties at such times as the IRS or PALS shall determine are reasonable and convenient.

e. Notice of each of the sales shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Benton County, and, at the discretion of the PALS, by any other

14884848.1

notice or advertisement that the PALS deems appropriate. The notices of each sale shall contain a description of the property to be sold and shall contain the material terms and conditions of sale set forth in this order of sale.

  f. Property 1 and Property 2 shall be offered for sale "as is," with all faults and without any warranties either express or implied, and each sale shall be made without any right of redemption.

  g. The PALS shall set, and may adjust, the minimum bid for each property. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and adjust the minimum bid.

  h. At the time of each of the sales, the successful bidder(s) shall deposit with the PALS, by money order, certified check, or cashier's check made payable to the Clerk of the United States District Court for the Western District of Arkansas, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published notice of sale. The money order or certified or cashier's check shall be deposited with the Clerk of this Court. Before being permitted to bid at a sale of either property, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.

  i. The successful bidder(s) shall pay the balance of the purchase price for the property being sold within sixty (60) days following the date of the sale. The money order, certified check, or cashier's check shall be made payable to the Clerk of the

United States District Court for the Western District of Arkansas and shall be given to PALS who will deposit the funds with the Clerk of this Court.  If the bidder fails to fulfill this requirement, the sale shall be treated as null and void, and the deposit shall be forfeited as damages and applied to cover the expenses of the sale, with any amount remaining to be applied to the judgment for the federal tax liabilities entered in this case. The Clerk shall distribute the deposit as directed by the PALS by check made payable to the "United States Treasury."  The property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder.  The successful bidder(s) at the new sale or second highest bidder, as the case may be, shall receive the property free and clear of all rights, titles, claims, liens, and interests of the defaulting bidder(s).

   j.  The Clerk of the Court is directed to accept the deposits and proceeds of the sale for Property 1 and Property 2, and deposit them into the Court's registry for distribution as provided for herein or pursuant to further order of this Court.

   k.  The sale of Property 1 and Property 2 shall be subject to confirmation by this Court. On confirmation of the sale(s), ownership and possession of the property shall transfer to the successful bidder(s), and all interests in, liens against, and titles and claims to, the property that are held or asserted by the parties to this action are discharged and extinguished.

   l.  After the confirmation of the sale(s), the IRS shall execute and deliver a deed under the authority of this Court conveying the property sold, effective as of the date of the confirmation of the sale, to the successful bidder(s).  Also, after this Court confirms the sale, and on receipt of the deed from the successful bidder, the Benton

14884848.1

County, Arkansas, Clerk and Recorder shall record the deed and cause the transfer of the property to be reflected upon the deed records of Benton County, Arkansas. The successful bidder(s) shall pay, in addition to the amount of the bid, any county or local documentary stamps and registry fees as provided by law.

    3. Up until the date that this Court confirms the sale of each property (Property 1 and Property 2), Defendants Deer Creek Financial Services and Lester Ramer and Mary Ramer shall take all reasonable steps necessary to preserve Property 1 and Property 2 (including all buildings, improvements, fixtures and appurtenances on the property) in their current condition including, without limitation, maintaining a fire and casualty insurance policy that covers each property and Defendants Deer Creek Financial Services, Lester Ramer, Mary Ramer, and all occupants of the two properties shall neither commit waste against the properties nor cause or permit anyone else to do so. All of the defendants in this case shall neither do anything that tends to reduce the value or marketability of Property 1 or Property 2, nor cause or permit anyone else to do so. Such defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of Property 1 or Property 2 or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. If either Property 1 or Property 2 is destroyed before its sale and the Deer Creek Financial Services, Lester Ramer, Mary Ramer, or any other defendant in this case is entitled to insurance proceeds, the insurance proceeds shall be paid into the registry of this Court.

14884848.1

Violation of this paragraph shall be deemed a contempt of court and punishable as such.

  4. All persons occupying Properties 1 and 2 shall vacate the properties permanently within 30 days of the date of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). Defendants Lester Ramer, Mary Ramer, and Deer Creek Financial Services are directed to notify the Court and counsel for the United States of their forwarding address within 30 days of vacating the properties. If any person fails or refuses to vacate either Property 1 or Property 2 by the date specified in this order of sale, the PALS is authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected or excluded. The U.S. Marshals Service is authorized to and directed to take any and all necessary actions, including the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

  5. Any personal property remaining on either Property 1 or Property 2 thirty (30) days after the date of this order of sale is deemed forfeited and abandoned, and the PALS is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court for further distribution. Money orders and

checks for the purchase of the personal property shall be made payable to the Clerk of the United States District Court for the Western District of Arkansas and the Clerk of the Court is directed to accept cash and checks and deposit such items into the Court's registry for distribution pursuant to further order of this Court. This order of sale shall also serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from the Court shall be required for these purposes.

6. Up until the date that this Court confirms the sale of each of the two properties, the IRS PALS, and their representatives are authorized to have free and full access to both Property 1 and Property 2 in order to take any and all actions necessary to preserve the properties, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the properties.

7. After the Court confirms the sale of Property 1, the sale proceeds deposited with the Clerk of this Court should be distributed in the following order of priority:

a. First, to PALS, and payable to the "United States Treasury," for the costs and expenses of the sale, including any costs and expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

b. Second to the Benton County Tax Collector in the amount of the unpaid real property taxes, penalties, and interest that are owed to Benton County Tax Collector related to Property 1 that are due for tax year 2015 on Property 1 which are entitled to priority under 26 U.S.C. § 6323(b)(6), to the extent not paid;

c. Third, to the "lienors" identified below according to the following interests and priorities, if not already satisfied in full by the sale of Property 2, discussed in ¶ 8 (below):

| Lienor | Tax Year | Taxpayer Assessed | Assessment Dates | Date Lien Notices filed with Benton County |
|---|---|---|---|---|
| Internal Revenue Service ("IRS") | 2001 2002 | Lester Ramer, individually | 8/23/2004 3/19/2010 | 12/8/2004 3/26/2014 1/31/2012 |
| IRS | 2006 2007 2008 | Lester and Mary Ramer, jointly | 9/3/2012 12/9/2013 12/23/2013 | 3/31/2014 1/22/2014 |
| State of Arkansas | 2006 2007 2008 2009 | Lester & Mary Ramer | N/A | 3/25/2014 |
| IRS | 2009 | Lester and Mary Ramer, jointly | 3/30/2015 | N/A |

d. Any further remaining proceeds from the sale of Property 1 shall be held in the Court's registry pending further order of the Court.

8. After the Court confirms the sale of Property 2, the sale proceeds deposited with the Clerk of this Court should be distributed in the following order of priority:

a. First, to PALS, and payable to the "United States Treasury," for the costs and expenses of the sale, including any costs and expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

b. Second to the Arkansas Commissioner of State Lands in the amount of the real property taxes, penalties, fees, and costs that are owed to the Arkansas Commissioner of State Lands for tax years 2013-2015 on Property 2 which are entitled to priority under 26 U.S.C. § 6323(b)(6) to the extent not paid;

14884848.1

c. Third, to the "lienors" identified below according to the following interests and priorities, if not already satisfied in full by the sale of Property 1, discussed in ¶ 7 (above):

| Lienor | Tax Year | Taxpayer Assessed | Assessment Dates | Date Lien Notices filed with Benton County |
|---|---|---|---|---|
| Internal Revenue Service ("IRS") | 2001 2002 | Lester Ramer, individually | 8/23/2004 3/19/2010 | 12/8/2004 3/26/2014 1/31/2012 |
| IRS | 2006 2007 2008 | Lester and Mary Ramer, jointly | 9/3/2012 12/9/2013 12/23/2013 | 3/31/2014 1/22/2014 |
| State of Arkansas | 2006 2007 2008 2009 | Lester & Mary Ramer | N/A | 3/25/2014 |
| IRS | 2009 | Lester and Mary Ramer, jointly | 3/30/2015 | N/A |

d. Any further remaining proceeds from the sale of Property 2 shall be held in the Court's registry pending further order of the Court.

**IT IS SO ORDERED** on this 18th day of January, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

14884848.1